UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| ATLANTIC STATES INSURANCE COMPANY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No.   5:22-cv-1177 |
| | : | |
| COPART, INC., | : | |
| Defendant. | : | |

_____

# O P I N I O N

**Defendant's Motion to Dismiss, ECF No. 8 – Granted in part; Denied in part**

**Joseph F. Leeson, Jr.**                                                          **June 30, 2022**
**United States District Judge**

## I.       INTRODUCTION

This case involves claims brought by Atlantic States Insurance Company (ASIC) as the

subrogee of Stone Action LLC Stone as well as claims asserted directly by ASIC against

Defendant Copart, Inc.[1]

ASIC alleges that, as Stone's workers' compensation insurer, it paid more than one

million dollars to compensate an injured employee working at Stone. The employee was driving

a 1999 Mack Truck owned by Stone but lost control of it and suffered serious injuries. By way of

subrogation, ASIC brought lawsuit against several tortfeasors, including Mack Trucks, to recover

the monies it had paid to the injured employee. However, the truck itself, which was a key piece

of evidence in the suit against the tortfeasors, was sold from a Copart facility before ASIC could

conduct discovery on the vehicle. As a result, ASIC was forced to discontinue the pending claim

_____

[1]        In the Complaint, ASIC does not clearly delineate its subrogated claims from its direct
claims. For the purpose of clarity, this Opinion endeavors to set these two categories of claims
apart and analyzes them independently.

against tortfeasors due to the lack of evidence. Eventually, ASIC brought suit in this Court against Copart to recover for damages it alleged it suffered as a result of having to discontinue the lawsuit against the tortfeasors.

The motion before this Court is a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). After review, the motion to dismiss is granted in part and denied in part.  ASIC's claim for negligence may proceed as pleaded. ASIC's remaining claims, both those brought in subrogation as well as its direct claims, are dismissed without prejudice and with leave to amend.

## II.    BACKGROUND

ASIC is an insurance company, and its principal place is in Pennsylvania. *See* Compl. ¶ 1, ECF No. 1-1. Stone is a company with its principal place of business located in Maryland. *See id.* ¶ 4. ASIC issued a policy of insurance to Stone, providing workers' compensation coverage. *See id.* ¶ 5.

Around March 3, 2015, Stone purchased and obtained title for a 1999 Mack Truck. *See* Ex. A. Stone insured the Truck against physical damage and loss with Westfield Insurance Group. *See* Compl. ¶ 10. On February 21, 2018, an employee of Stone was driving the Truck and lost control of it. *See id.* ¶ 11. The employee suffered serious injuries. *Id.* After the accident, ASIC accepted the workers' compensation claim submitted by the injured employee and made payments to the employee in the amount of more than one million dollars ($1,562,388.17). *See id.* ¶¶ 12–13. After receiving additional information, ASIC believed that the accident was caused by the malfunction of the Truck or the improper service and repair of the Truck. *See id.* ¶ 14. At the same time, Stone claimed the physical loss of the Truck with Westfield, and the Truck was taken to a Copart facility in Pennsylvania at the instruction of Westfield and Stone. *See id.* ¶¶

15–16. ASIC believed that Westfield had a written contract with Copart to store the Truck until it could be sold. *See id.* ¶ 17.

On March 16, 2018, less than one month after the accident, counsel for ASIC sent a letter to Copart advising them of the need to place the vehicle on a litigation hold pending its investigation. *See* Ex. B.[2] On the same day, counsel for ASIC also issued a letter to Stone, requesting that all evidence regarding the Truck be preserved. *See* Compl. ¶ 20. Three months later, on June 20, 2018, counsel for ASIC called Copart to confirm the Truck was on litigation hold. *See id.* ¶ 21. Copart confirmed the Truck was on hold through its employee named "Kim." *See id.* ¶ 22. On September 10, 2019, counsel for ASIC once again called Copart to confirm the Truck was held and secure. *See id.* ¶ 25. Copart, through its employee "Laurie," verified the Truck was still on hold and secure. *See id.* ¶ 26.

On May 18, 2020, ASIC filed suit against several defendants, including Mack Trucks, to recover, by way of subrogation, the monies it had paid to the injured worker. *See* Ex. C. After that, counsel for Mack Trucks requested the opportunity to inspect the Truck. *See* Compl. ¶ 33. Counsel for ASIC contacted Copart to arrange for an inspection but was informed that the Truck had been sold. *See id.* ¶ 34. Copart, however, did not inform or advise ASIC or Stone that the Truck would be disposed of. *See id.* ¶ 35. Because of the lack of physical evidence, ASIC was forced to discontinue its action against Mack Trucks. *See id.* ¶ 36.

On February 23, 2022, ASIC filed a Complaint against Copart with both subrogated claims and direct claims, alleging claims including breach of contract, breach of implied in fact contract, promissory estoppel, negligence, breach of bailment, and conversion. *See* Compl. On

---

[2]     Exhibit B to the Complaint indicates that the letter was sent out on April 6, 2018, which is inconsistent with the allegations in the Complaint. Notwithstanding, this inconsistency does not affect the analysis.

April 5, 2022, Copart filed a Motion to Dismiss for failure to state a claim. *See* Mot., ECF No. 8.

On April 18, 2022, ASIC filed an Opposition to Motion to Dismiss, alleging that its claims were

sufficiently pleaded. *See* Resp., ECF No. 9. On April 25, 2022, Copart filed a Reply in Support

of its motion. *See* Reply, ECF No. 10.

## III.    LEGAL STANDARDS

### A.    Motion to Dismiss – Review of Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual

allegations as true [and] construe the complaint in the light most favorable to the plaintiff."[3]

*Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche*

*Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if

"the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff

stated a plausible claim.  *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*

(explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and

common sense").  "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint,

exhibits attached to the complaint, matters of public record, as well as undisputedly authentic

documents if the complainant's claims are based upon these documents."  *See Mayer v. Belichick*,

---

[3]     District courts have an obligation to construe the pleadings of pro se plaintiffs liberally.
*See Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

605 F.3d 223, 230 (3d Cir. 2010).  The defendant bears the burden of demonstrating that a

plaintiff has failed to state a claim upon which relief can be granted.  *See Hedges v. United*

*States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d

1406, 1409 (3d Cir. 1991)).

## IV.   ANALYSIS

ASIC has pleaded both subrogated and direct claims in the Complaint. With respect to

the subrogated claims, ASIC does not have a proper standing to bring the claims against third

parties as the subrogee of the employer, Stone, under Pennsylvania law. With respect to direct

claims, ASIC does not allege sufficient facts to support all the claims with the exception of its

negligence claim. Accordingly, Copart's motion is granted in part and denied in part as further

explained below.

### A.   ASIC lacks proper standing to bring its claims as the subrogee of Stone under the applicable law.

ASIC claims that it may recover against Copart for the compensation paid to the injured

employee, standing in place of Stone. Copart asserts that ASIC lacks standing as the subrogee of

Stone under both Maryland and Pennsylvania law. This Court agrees with Copart.

"The choice of law rules of the forum state . . . apply when a federal court is sitting in

diversity." *Specialty Surfaces Int'l, Inc. v. Cont. Cas. Co.*, 609 F.3d 223, 229 (3d Cir. 2010)

(citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).

Under Pennsylvania's choice of law rules, a court "must determine whether a real conflict

exists between the respective laws." *See Mzamane v. Winfrey*, 693 F. Supp. 2d 442, 467–68

(E.D. Pa. 2010) (citing *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 230 (3d Cir. 2007)). "A real

conflict exists only where the application of each state's substantive law produces a contrary

result." *Id.* at 468. "If the same result would ensue under the laws of the forum state and those of

the foreign jurisdiction, then no conflict exists, and the court may avoid the choice of law

question altogether." *Id.* Moreover, when parties agree upon the law to be applied, a choice of

law analysis is unnecessary. *See MacDonald v. Unisys Corp.*, 951 F. Supp. 2d 729, 737 (E.D. Pa.

2013) (citing *Zicherman v. Korean Air Lines Co.*, 516 U.S. 217, 228–29 (1996)).

        Once a "real" conflict is established, "a court must proceed to the second step of the

conflict inquiry to determine whether the conflict is 'true,' 'false,' or 'unprovided for.'" *See id.*

"A 'true' conflict exists where both states have a cognizable interest in applying their own law."

*Id.* "A 'false' conflict exists when only one state has an actual interest in applying its law." *Id.* A

conflict is "unprovided for" if "neither state has an interest in applying its own law." *See id.*

(citing *Hammersmith*, 480 F.3d at 230 n.9). Where a conflict is "false" or "unprovided for," "the

law of the forum applies." *See id.* (citing *Hammersmith*, 480 F.3d at 230).

        Where a conflict is actual, a court must "proceed to a 'deeper' choice of law analysis."

*See id*. In those instances, a court "must then determine "which state has the greater interest in

the application of its law." *See id*. (citing Hammersmith, 480 F.3d at 231). "The analysis consists

of combining 'the approaches of both [the] Restatement II (contacts establishing significant

relationships) and interest analysis (qualitative appraisal of the relevant States' policies with

respect to the controversy).'" *See id*. The court "must 'weigh the contacts on a qualitative scale

according to their relation to the policies and interests underlying the [particular] issue." *See id*.

        "Pennsylvania courts have consistently held that the state where the worker's

compensation policy is regulated is the state with the most significant contacts regarding

workers' compensation subrogation." *Carrick v. Zurich-American Ins. Grp.*, 14 F.3d 907, 910

(3d Cir. 1994). In this case, Copart argues that the employee received payment under Maryland's

workers' compensation statute because the employee resided in Maryland. *See* Mot. at 5. Accordingly, Copart argues that Maryland law should govern ASIC's right of subrogation. *See id*. ASIC, however, argues that because it is a company based in Pennsylvania, any question relating to subrogation would be answered per Pennsylvania law. *See* Resp. at 5. To determine the applicable law regarding the subrogation issue, the court first must determine whether there is a fundamental conflict between the two laws argued by both parties. Here, because there is no real conflict between Maryland and Pennsylvania law, the choice of law analysis is unnecessary, and the Court applies Pennsylvania law, the law of the forum state.

Under Maryland law, ASIC lacks proper standing to bring its claims as a subrogee of Stone because a worker's compensation carrier's right of subrogation is on behalf of the *employee*, not the employer. *See Eris Ins. Co. v. Curtis*, 623 A.2d 184, 186–187 (Md. 1993) ("It is well settled that Article 101, § 58 'does not create a cause of action in the employer but rather subrogates it to the claim of its injured employee against the responsible third-party.'"); *see also Smith v. Bethlehem Steel Corp.*, 492 A.2d 1286, 1290 (Md. 1985); *Anne Arundel Cnty. v. McCormick*, 594 A.2d 1138, 1140 (Md. 1991).

Under Pennsylvania law, ASIC also cannot bring its claim as the subrogee of Stone because the cause of action against the tortfeasor lies with the *employee*, not the employer. *See Hartford Ins. Grp. v. Kamara*, 199 A.3d 841, 848 (Pa. 2018) ("Section 319 has been historically interpreted as providing that the right of action against the tortfeasor lies exclusively in the injured employee." (citing *Scalise, v. M.F. Venzie & Co.*, 152 A. 90, 92 (Pa. 1930))). Moreover, "unless the injured employee assigns her cause of action or voluntarily joins the litigation as a party plaintiff, the insurer may not enforce its statutory right to subrogation by filing an action directly against the tortfeasor." *See id*. at 220; *see also Moltz v. Sherwood Bros.*, 176 A. 842, 843

(Pa. Super. Ct. 1935). Thus, the result under both Maryland and Pennsylvania law would be the same, and accordingly, Pennsylvania law should apply.

Pennsylvania law does not permit ASIC to sue as the subrogee for Stone under a workers' compensation policy paid out to an employee. Moreover, because ASIC has failed to allege that it had the injured employee's permission to sue on his behalf, ASIC has failed to plausibly plead that it has standing to bring its subrogated claims. Accordingly, Copart's motion to dismiss the subrogation claims is granted, and ASIC's subrogated claims are dismissed without prejudice.

**B.      ASIC does not plausibly plead direct claims upon which relief can be granted, with the exception of its negligence claim.**

In addition to the subrogated claims, ASIC alleges six counts in its own name against Copart: 1) Breach of Contract; 2) Breach of Implied in Fact Contract; 3) Promissory Estoppel; 4) Negligence; 5) Breach of Bailment, and 6) Conversion. After review, this Court concludes that ASIC has failed to sufficiently allege all but its negligence claim.  Accordingly, ASIC's direct claims, with the exception of its claim for negligence, are dismissed without prejudice.

**1.      ASIC does not plausibly allege the Breach of Contract count.**

ASIC argues that Copart's employees' representations and the communications with ASIC encouraged and promoted ASIC's reliance, thus forming a contract for Copart to secure the Truck for ASIC's benefit. *See* Resp. at 10. However, Copart denies the existence of a contract between ASIC and Copart. *See* Reply at 5. This Court agrees with Copart.

A breach of contract claim under Pennsylvania law requires the claimant to show three elements: 1) "the existence of a contract, including its essential terms;" 2) "a breach of a duty imposed by the contract;" and 3) "resultant damages." *Udodi v. Stern*, 438 F. Supp. 3d 293, 299

(E.D. Pa. 2020) (quoting *Ware v. Rodale Press*, Inc., 322 F.3d 218, 225 (3d Cir. 2003)). To determine whether an oral contract was formed, "the existence and terms of an oral contract between both parties must be established by 'clear and precise' evidence." *Browne v. Maxfield*, 663 F. Supp. 1193, 1197 (E.D. Pa. 1987) (quoting *Orchard v. Covelli*, 590 F. Supp. 1548, 1556 (W.D. Pa. 1984)). Moreover, under Pennsylvania law, "the test for enforceability of an agreement is whether both parties have manifested an intention to be bound by its terms and whether the terms are sufficiently definite to be specifically enforced." *Golf View Office Campus P'ship v. Resolution Tr. Corp.*, No. Civ. A. 96–5597, 1997 WL 667111, at *4 (E.D. Pa. October 2, 1997) (quoting *Channel Home Centers of Grace Retail Corp. v. Grossman*, 795 F.2d 291, 298–99 (3d Cir. 1986)).

> As for the sufficiently definite terms,
>
> Pennsylvania has adopted the Restatement (Second) of Contracts, which states: (1) Even though a manifestation of intention is intended to be understood as an offer, it cannot be accepted to form a contract unless the terms of the contract are reasonably certain; (2) The terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy; ([3]) The fact that one or more terms of a proposed bargain are left open or uncertain may show that a manifestation of intention is not intended to be understood as an offer or as an acceptance.

*Legendary Art, LLC v. Godard*, 888 F. Supp. 2d 577, 586 (E.D. Pa. 2012) (citing Restatement (Second) of Contracts § 33 (1981)); *Reed v. Pittsburgh Bd. of Pub. Educ.*, 862 A.2d 131, 135 (Pa. Commw. Ct. 2004)).

"In cases involving contracts wholly or partially composed of oral communications, the precise content of which are not of record, courts must look to surrounding circumstances and course of dealing between the parties in order to ascertain their intent." *Env't Constr. Serv. Inc. v. Menta*, No. 19-3477, 2022 WL 1203732, at *4 (E.D. Pa. Apr. 22, 2022) (quoting *Boyle v. Steiman*, 429 Pa. Super. 1, 17 (Pa. Super. Ct. 1993)).

To make out a claim for breach of contract, ASIC must first show the existence of the contract in fact. However, ASIC fails to plausibly allege that its verbal and written communication with Copart contained clear, certain, and explicit terms. In the letter from ASIC's counsel to the Copart, ASIC only mentioned that it wanted to preserve the Truck until all investigations were done. *See* Ex. B. However, Copart never responded to the letter indicating that it would undertake to maintain the vehicle. Moreover, ASIC's two telephone calls to the employees of Copart only suggest that at the time of the call, Copart confirmed that they still had possession of the Truck. *See* Coml. ¶ 21–22, ¶ 25–26. The two calls were not plausible enough to suggest a pattern or course of dealing, such that Copart would be expected to hold the Truck indefinitely.  In whole, these communications do not contain the sort of explicit terms necessary to find formation of a contract.

Even if this Court were to assume that the terms contained in the letter were sufficiently specific to form a contract between Copart and ASIC, ASIC has failed to allege that any consideration passed from it to Copart. "The consideration necessary to establish a valid contract, express or implied in fact, must be an act, a forbearance, or a return promise, bargained for and given in exchange for the promise." *Thomas v. R. J. Reynolds Tobacco Co*., 38 A.2d 61, 63 (Pa. 1944). Based on the letter and phone calls, ASIC does not indicate any act, forbearance, or returned promise from ASIC in exchange for Copart's act of securing the Truck for litigation hold.

Because ASIC does not allege the sort of clear and precise terms necessary to establish the existence of a contract, nor does it allege that valid consideration passed to Copart, this Court finds that ASIC has failed to plausibly plead that Copart had a contract with ASIC to place the

Truck on a litigation hold. Accordingly, Copart's motion to dismiss ASIC's breach of contract claim is granted, and this claim is dismissed without prejudice.

**2.      ASIC does not plausibly allege the Breach of Implied Contract count.**

"A contract implied in fact has the same legal effect as any other contract. It differs from an express contract only in the manner of its formation." *Universal Atlantic Sys. v. Honeywell*, 388 F. Supp. 3d 417, 428 (E.D. Pa. 2019) (citing *Ingrassia Constr. Co. v. Walsh*, 486 A.2d, 483 (Pa. Super. Ct. 1984)). Whereas "[a]n express contract is formed by either written or verbal communication [, t]he intent of the parties to an implied in fact contract is 'inferred from their acts in light of the surrounding circumstances." *Id*. As with all contracts, however, an implied-in-fact contract exists only if "the parties . . . agree upon the material and necessary details of the bargain, and the agreement is supported by adequate consideration." *Id*. "The consideration necessary to establish a valid contract, express or implied in fact, must be an act, a forbearance, or a return promise, bargained for and given in exchange for the promise." *Thomas,* 38 A.2d at 63.

ASIC alleges that on every occasion when Copart employees communicated with its counsel, Copart confirmed that the Truck was being stored. Comp. ¶ 61. However, while ASIC alleges that Copart twice confirmed the truck was still on the lot, it has failed to allege that Copart promised to keep it there or that ASIC offered any sort of consideration to Copart in exchange for keeping the truck. Thus, ASIC failed to plausibly plead facts sufficient to support its implied contract count. Accordingly, Copart's motion to dismiss this claim is granted, and ASIC's breach of implied contract claim is dismissed without prejudice.

### 3. ASIC does not plausibly allege the Promissory Estoppel count.

Copart argues that ASIC fails to set forth any facts to identify a clear and definite promise made by Copart. *See* Mot. at 13. In opposition, ASIC argues that Copart was contractually obligated to store the vehicle and directly promised that the vehicle was assigned a lot number, was on litigation hold and would remain secure. *See* Resp. at 13. This Court agrees with Copart.

Pennsylvania has adopted the Restatement view of promissory estoppel. As the Pennsylvania Supreme Court has explained:

> [U]nder the doctrine of promissory estoppel . . . "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

*Thatcher's Drug Store of West Goshen, Inc. v. Consolidated Supermarkets, Inc.*, 636 A.2d 156, 160 (Pa. 1994) (quoting Restatement (Second) Contract § 90(1)). An aggrieved party must show that "1) the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee; 2) the promisee actually took action or refrained from taking action in reliance on the promise; and 3) injustice can be avoided only by enforcing the promise." *Edwards v. Wyatt*, 335 F.3d 261, 277 (3rd Cir. 2003) (quoting *Crouse v. Cyclops Indus.*, 560 Pa. 394, 745 (Pa. 2000)).

To satisfy the first element of a promissory estoppel claim, plaintiff must plead facts to show the existence of an express promise made by defendants. *See C & K Petroleum Prods., Inc. v. Equibank*, 839 F.2d 188, 192 (3d Cir. 1988). In meeting this burden, a plaintiff cannot rely on a broad and vague implied promise. *See id*. (citing *Paris Const. Co. v. Research-Cottrell, Inc.*, 451 F. Supp. 938, 940 (W.D. Pa. 1978)). "Promissory estoppel would be rendered meaningless if this Court were to allow the Plaintiff to maintain an action for detrimental reliance based on the alleged existence of a broad and vague implied promise." *Id*. (citing *Paris*, 451 F. Supp. at 940).

In the Complaint, ASIC does not sufficiently allege that Copart expressed any promise to secure the Truck for litigation hold. There was no written contract between the two parties. Moreover, ASIC fails to allege that the two calls from ASIC to Copart's employees yielded any promise. Rather, the Copart employees responded to ASIC's inquiries regarding the location of the truck, but did not promise to maintain it. Therefore, ASIC has failed to plead facts sufficient to support its promissory estoppel count. Accordingly, Copart's motion to dismiss this claim is granted, and ASIC's promissory estoppel claim is dismissed without prejudice.

### 4.    ASIC has plausibly alleged its Negligence count.

In order to prevail on a negligence claim,

> the plaintiff must prove the following elements: (1) a duty, recognized by the law, of the defendant to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another.

*Remo v. U.S. F.A.A.*, 852 F. Supp. 357, (E.D. Pa. 1994) (citing *Morena v. S. Hills Health Sys.*, 462 A.2d 680, 684 n.5 (Pa. 1983); *Markovich v. Bell Helicopter Textron, Inc.*, 805 F. Supp. 1231, 1236 (E.D. Pa. 1992), *aff'd* 977 F.2d 568 (3d Cir. 1992)).

The Supreme Court of Pennsylvania "has not recognized a cause of action for negligent spoliation of evidence," and given the opportunity, it declined to do so. *See Pyeritz v. Pennsylvania*, 32 A.3d 687, 695 (Pa. 2011). "Generally, the law does not impose affirmative duties absent the existence of some special relationship, be it contractual or otherwise." *Elias v. Lancaster Gen. Grp.*, 710 A.2d 65, 68 (Pa. Super. Ct. 1998) (citing *Brandjord v. Hopper*, 688 A.2d 721, 723 (Pa. Super. Ct. 1997)).

Under Pennsylvania law, "more than a mere gratuitous promise is necessary to raise such a duty, i.e., an actual entry upon the performance of such promise." *Brown v. T.W. Phillips Gas & Oil Co.*, 195 F.2d 643, 644 (3rd Cir. 1952). "A person who makes an engagement, even

though gratuitous, and actually enters upon its performance, will incur tort liability if his negligence thereafter causes another to suffer damages." *Pirocchi v. Liberty Mut. Ins. Co.*, 365 F. Supp. 277, 281 (E.D. Pa. 1973) (citing *Pascarella v. Kelley*, 105 A.2d 70 (Pa. 1954)).

Copart argues that Pennsylvania law does not impose on third parties a duty to preserve evidence and does not recognize a cause of action for negligent spoliation of evidence. *See* Mot. at 9. However, ASIC can still have a cause of action for negligence generally if this court finds a duty, either contractual or otherwise. While there is no contractual relationship between the parties, ASIC has alleged that Copart took actions consistent with its assumption of a duty to maintain the truck. *See* Compl. ¶ 47. ASIC alleges that Copart kept the Truck and secured it for more than a year and a half, from March of 2018 until at least September of 2019. *See* Compl. ¶¶ 19–26. There were three communications alleged by ASIC in the Complaint, one letter sent by ASIC's counsel to Copart and two telephone communication between Copart's employees and ASIC's counsel. On both telephone communications, Copart confirmed that the Truck was on litigation hold. *See* Coml. ¶ 22, ¶ 26. Though no promise was ever expressed by Copart, ASIC has sufficiently alleged that Copart assumed the duty to preserve the Truck through the actual performance of the preservation for a period of approximately eighteen months. Moreover, Copart breached this assumed duty by selling the Truck, resulting in financial detriment and loss to ASIC, who had to abandon its case against the tortfeasor. Thus, ASIC has plausibly pleaded its claim for negligence, and Copart's motion to dismiss this claim is denied.

## 5. ASIC does not plausibly allege the Breach of Bailment count.

Copart argues that ASIC did not set forth facts sufficient to establish any express or implied bailment agreement between ASIC and Copart. *See* Reply at 5–6. Copart further argues that issuing a written demand for preservation creates no contractual duty sufficient to support a

bailment claim. *See* Reply at 6. This Court agrees that ASIC fails to allege that it had control over the Truck as the bailor.

"A bailment is a delivery or deposit of personalty under an implied or express agreement that at the termination of the bailment, the personalty will be redelivered to the bailor, otherwise dealt with according to the bailor's directions, or kept until the bailor reclaims it." *Am. Enka Co. v. Wicaco Mach. Co.*, 686 F.2d 1050, 1053 (3rd Cir. 1982) (citing *Wright v. Sterling Land Co.*, 43 A.2d 614, 615 (Pa. Super. Ct. 1945). The Third Circuit has confirmed that "the common theme underlying the definitions of a bailment is that the article bailed will ultimately be returned to the original owner or delivered according to his instructions to another party thus, control over the final disposition of the article is held by the original owner." *Donegal Steel Foundry Co. v. Accurate Prods. Co.*, 516 F.2d 583, 589 (3rd Cir. 1975). When there was no consensual undertaking by one party to accept an entrustment to it by the other party and no understanding between both parties that contemplated the return of the products back to the owner, the court would deny the existence of bailment. *See id*.

In the Complaint, there was no express understanding alleged between ASIC and Copart that the Truck was entrusted to Copart by ASIC. The only fact alleged was that the Truck was taken to a Copart Facility at the Instruction of Westfield and Stone. *See* Compl. ¶ 16. At no point does ASIC allege ownership of the truck such that it could have entrusted it to the care of Copart. Rather, ASIC merely alleges that it stands in Stone's shoes as subrogee. *See* Compl. ¶ 5. Because ASIC has no standing as to the subrogee of Stone, nor does ASIC otherwise allege that it was in a position to bail the truck to Copart, this Court concludes that ASIC failed to plausibly plead its breach of bailment count. Accordingly, Copart's motion to dismiss this claim is granted, and ASIC's bailment claim is dismissed without prejudice.

**6.     ASIC does not plausibly plead the Conversion count.**

Under Pennsylvania law, conversion is the "deprivation of another's right of property, or use or possession of a chattel, or other interference therewith, without the owner's consent and legal justification." *Universal Premium Acceptance Co. v. York Bank & Tr. Co.*, 69 F.3d 695, 704 (3rd Cir. 1995) (quoting *Cenna v. United States*, 402 F.2d 168, 170 (3d Cir. 1968)). "Where one lawfully comes into possession of a chattel, a conversion occurs if a demand for the chattel is made by the rightful owner and the other party refuses to deliver." *Fenton v. Balick*, 821 F. Supp. 2d 755, 760 (E.D. Pa. 2011) (quoting *Prudential Ins. Co. of Am. v. Stella*, 994 F. Supp. 318, 323 (E.D. Pa. 1998)).

ASIC fails to set forth any facts to support the allegation that ASIC had a right of property or any interest in possession of the Truck. As noted above, ASIC does not plead ownership of the truck at any juncture. Rather, ASIC only alleges that it acted as Stone's subrogee under this claim, but ASIC had no subrogation rights in this case as determined above. Thus, ASIC did not make out a claim that Copart committed conversion against property owned by ASIC. Accordingly, Copart's motion to dismiss this claim is granted, and ASIC's claim for conversion is dismissed without prejudice.

## V.     CONCLUSION

Copart's motion to dismiss is granted in part and denied in part. The motion to dismiss ASIC's claims of subrogated rights, breach of contract, breach of implied contract, promissory estoppel, breach of bailment, and conversion is granted. These claims are dismissed without prejudice. However, Copart's motion to dismiss pursuant to the negligence claim is denied because ASIC has presented sufficient allegations in its Complaint that give rise to a plausible claim under Pennsylvania law. Accordingly, this claim may proceed as pleaded.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge