UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ATLANTIC STATES INSURANCE COMPANY,   :
         Plaintiff,   :
            :
      v.   :   No.   5:22-cv-1177
            :
COPART, INC.,   :
         Defendant.   :
_____

**O P I N I O N**

**Defendant's Motion to Dismiss, ECF No. 15 – Granted**

**Joseph F. Leeson, Jr.**                                                                  **August 29, 2022**
**United States District Judge**

**I.    INTRODUCTION**

     This case involves tort and contract claims brought by Atlantic States Insurance Company (ASIC) against Defendant Copart, Inc.[1]

     ASIC alleges that, as the workers' compensation insurer for Stone Action LLC, it paid more than one million dollars to compensate an injured employee working at Stone. The employee was driving a 1999 Mack Truck owned by Stone but lost control of it and suffered serious injuries. ASIC brought suit against several tortfeasors, including Mack Trucks, to recover the monies it had paid to the injured employee. However, the truck itself was sold from the Copart facility where it was being stored before ASIC could conduct discovery on the

---

[1] In its Opinion dismissing certain claims in ASIC's initial Complaint, this Court held that ASIC did not have standing to raise claims as the subrogee of Stone Action LLC, the company to whom ASIC issued a worker's compensation insurance policy. *See* Op. 6/30/22 at 5–8, ECF No. 11. Notwithstanding, in its Amended Complaint, ASIC again raises claims as the subrogee of Stone. Because this Court has already held that ASIC's subrogated claims fail as a matter of law, it reviews the Amended Complaint as though all claims asserted therein are *directly* asserted by ASIC against Copart.

vehicle. Accordingly, ASIC brought suit in this Court against Copart to recover for damages it alleged it suffered as a result of having to discontinue the lawsuit against Mack Truck.

Copart now moves to dismiss ASIC's Amended Complaint. Following a review of the Amended Complaint and briefing on the motion, this Court concludes that ASIC has failed to state a claim in its Amended Complaint. Therefore, the Amended Complaint is dismissed with prejudice.

## II. BACKGROUND

ASIC is an insurance company, and its principal place of business is in Pennsylvania. *See* Am. Compl. ¶ 1, ECF No. 14. ASIC issued a policy of insurance to a corporation named Stone Action, providing workers' compensation coverage. *See id.* ¶ 3.

Around March 3, 2015, Stone purchased and obtained title for a 1999 Mack Truck. *See id.* at Ex. A. Stone insured the truck against physical damage and loss with Westfield Insurance Group. *See id.* ¶ 10. On February 21, 2018, an employee of Stone was driving the truck and lost control of it. *See id.* ¶ 11. The employee suffered serious injuries. *Id.* After the accident, ASIC accepted the workers' compensation claim submitted by the injured employee and made payments to the employee in the amount of $1,562,388.17. *See id.* ¶¶ 12–13. After receiving additional information, ASIC believed that the accident was caused by the malfunction of the Truck or the improper service and repair of the truck. *See id.* ¶ 14. At the same time, Stone claimed the physical loss of the truck with Westfield, and the Truck was taken to a Copart facility in Pennsylvania at the instruction of Westfield and Stone. *See id.* ¶¶ 15–16. ASIC believes that Westfield had entered into a contract with Copart to store the truck until it could be sold. *See id.* ¶ 17.

On March 16, 2018, less than one month after the accident, counsel for ASIC sent a letter to Copart advising them of the need to place the vehicle on a litigation hold pending its investigation. *See id.* at Ex. B. On the same day, counsel for ASIC also issued a letter to Stone, requesting that all evidence regarding the Truck be preserved. *See id.* ¶ 20. Three months later, on June 20, 2018, counsel for ASIC called Copart to confirm the truck was on litigation hold. *See id.* ¶ 21. Copart, through an employee named "Kim," confirmed the truck was on hold. *See id.* ¶ 22. On September 10, 2019, counsel for ASIC once again called Copart to confirm the truck was held and secure. *See id.* ¶ 25. Copart, through its employee "Laurie," verified the truck was still on hold and secure. *See id.* ¶ 26.

On May 18, 2020, ASIC filed suit against several defendants, including Mack, to recover, by way of subrogation, the monies it had paid to the injured worker. *See id.* at Ex. C. Thereafter, counsel for Mack requested the opportunity to inspect the truck. *See id.* ¶ 33. Counsel for ASIC contacted Copart to arrange for an inspection but was instead informed that the truck had been sold. *See id.* ¶ 34. Copart, however, did not inform or advise ASIC that the truck would be disposed of. *See id.* ¶ 35. Due to the lack of physical evidence, ASIC was forced to discontinue its action against Mack. *See id.* ¶ 36.

On March 29, 2022, ASIC filed suit that was eventually removed to this Court, alleging both subrogated and direct claims against Copart. *See* ECF No. 1. On a motion to dismiss by Copart, this Court dismissed all but ASIC's negligence claim. *See* Op. 6/30/22, ECF No. 11; Order 6/30/22, ECF No. 12. Copart moved for reconsideration of this Court's June 30, 2022 Order, seeking dismissal of the negligence claim as well. *See* ECF No. 13. During the pendency of that motion for reconsideration, ASIC filed an Amended Complaint. *See* Am. Compl. Therein, ASIC alleges only two claims: (1) Negligence, and (2) Promissory Estoppel. *See id.*

On August 1, 2022, Copart moved to dismiss the Amended Complaint in its entirety. *See* Mot., ECF No. 15. ASIC filed a response thereto, *see* Resp., ECF No. 17,[2] and Copart filed a reply in support, *see* Reply, ECF No. 18.

## III. LEGAL STANDARDS

### A. Motion to Dismiss – Review of Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."[3] *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint,

---

[2] Inexplicably, ASIC's response to the present motion seems to largely be copied and pasted from its response to Copart's motion to dismiss the *original* Complaint. For example, although ASIC's Amended Complaint does not contain claims for breach of contract, breach of bailment, breach of implied contract, or conversion, ASIC dedicates portions of its response to arguing that those claims be permitted to go forward.

[3] District courts have an obligation to construe the pleadings of pro se plaintiffs liberally. *See Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### B. Negligence – Review of Applicable Law

In order to prevail on a negligence claim,

> the plaintiff must prove the following elements: (1) a duty, recognized by the law, of the defendant to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another.

*Remo v. U.S. F.A.A.*, 852 F. Supp. 357, (E.D. Pa. 1994) (citing *Morena v. S. Hills Health Sys.*, 462 A.2d 680, 684 n.5 (Pa. 1983); *Markovich v. Bell Helicopter Textron, Inc.*, 805 F. Supp. 1231, 1236 (E.D. Pa. 1992), *aff'd* 977 F.2d 568 (3d Cir. 1992)).

The Supreme Court of Pennsylvania "has not recognized a cause of action for negligent spoliation of evidence," and given the opportunity, it declined to do so. *See Pyeritz v. Pennsylvania*, 32 A.3d 687, 695 (Pa. 2011). "Generally, the law does not impose affirmative duties absent the existence of some special relationship, be it contractual or otherwise." *Elias v. Lancaster Gen. Grp.*, 710 A.2d 65, 68 (Pa. Super. Ct. 1998) (citing *Brandjord v. Hopper*, 688 A.2d 721, 723 (Pa. Super. Ct. 1997)).

Under Pennsylvania law, "more than a mere gratuitous promise is necessary to raise such a duty, i.e., an actual entry upon the performance of such promise." *Brown v. T.W. Phillips Gas & Oil Co.*, 195 F.2d 643, 644 (3rd Cir. 1952). "A person who makes an engagement, even though gratuitous, and actually enters upon its performance, will incur tort liability if his

negligence thereafter causes another to suffer damages." *Pirocchi v. Liberty Mut. Ins. Co.*, 365 F. Supp. 277, 281 (E.D. Pa. 1973) (citing *Pascarella v. Kelley*, 105 A.2d 70 (Pa. 1954)).

  **C.**  **Promissory Estoppel – Review of Applicable Law**

Pennsylvania has adopted the Restatement view of promissory estoppel. As the Pennsylvania Supreme Court has explained:

> [U]nder the doctrine of promissory estoppel . . . "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

*Thatcher's Drug Store of West Goshen, Inc. v. Consolidated Supermarkets, Inc.*, 636 A.2d 156, 160 (Pa. 1994) (quoting Restatement (Second) Contract § 90(1)). An aggrieved party must show that "1) the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee; 2) the promisee actually took action or refrained from taking action in reliance on the promise; and 3) injustice can be avoided only by enforcing the promise." *Edwards v. Wyatt*, 335 F.3d 261, 277 (3rd Cir. 2003) (quoting *Crouse v. Cyclops Indus.*, 560 Pa. 394, 745 (Pa. 2000)).

To satisfy the first element of a promissory estoppel claim, a plaintiff must plead facts to show the existence of an express promise made by a defendant. *See C & K Petroleum Prods., Inc. v. Equibank*, 839 F.2d 188, 192 (3d Cir. 1988). In meeting this burden, a plaintiff cannot rely on a broad and vague implied promise. *See id*. (citing *Paris Const. Co. v. Research-Cottrell, Inc.*, 451 F. Supp. 938, 940 (W.D. Pa. 1978)). "Promissory estoppel would be rendered meaningless if this [c]ourt were to allow the [p]laintiff to maintain an action for detrimental reliance based on the alleged existence of a broad and vague implied promise." *Id*. (citing *Paris*, 451 F. Supp. at 940).

IV. ANALYSIS

In its Amended Complaint, ASIC asserts two claims against Copart. In Count I, ASIC asserts a claim for negligence, arguing that Copart breached a duty owed to ASIC when it sold the truck prior to the conclusion of ASIC's litigation against Mack. In Count II, ASIC asserts a claim for promissory estoppel, suggesting that Copart made a promise to ASIC to preserve the truck, and that ASIC relied on that promise to its detriment.

Following a review of the Amended Complaint, and for the reasons set forth below, ASIC has failed to state a claim in either Count. Accordingly, Copart's motion is granted, and the Amended Complaint is dismissed with prejudice.

A. **ASIC's Negligence Claim**

First, ASIC asserts a claim for negligence. In particular, ASIC asserts that Copart owed a duty to ASIC to preserve the truck during the pendency of ASIC's litigation against Mack. ASIC further alleges that Copart breached this duty when it sold the truck prior to the conclusion of that litigation, thereby depriving ASIC of relevant evidence.

In its prior Opinion, this Court concluded that ASIC had sufficiently stated a claim for negligence. *See* Op. 6/30/22 at 13–14. Specifically, this Court found that by entering upon the performance of storing the truck, ASIC had sufficiently alleged that Copart assumed a duty to preserve it. Moreover, that duty was breached when Copart sold the truck without notifying ASIC. However, as Copart points out in its motion to dismiss the Amended Complaint, negligence claims founded upon the gratuitous assumption of a duty require a plaintiff to allege physical harm, as opposed to purely financial harm. *See* Mot. 12–14 (citing Restatement 2d of Torts § 323 ("One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things,

is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care."); *Carlotti v. Employees of GE Fed. Credit Union No. 1161*, 717 A.2d 564, 567 (Pa. Super. 1998) (holding no duty arose under § 323 of the Restatement where harm alleged was purely financial)). Copart's recitation of the law is correct, and accordingly, this Court reviews the Amended Complaint for allegations of physical harm sufficient to sustain ASIC's negligence claim.

Here, ASIC does not allege that it was physically harmed by Copart's sale of the truck. Rather, ASIC's alleged injury is purely financial. Indeed, the lawsuit brought by ASIC against Mack was to recover for monies it had paid out pursuant to the worker's compensation policy it issued to Stone. There is no allegation that ASIC's person or property was physically damaged, and in the absence of such allegations, a claim of negligence under § 323 of the Restatement cannot be sustained.

Moreover, this Court finds that to permit ASIC a second opportunity to amend would be futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that a district court must permit a curative amendment "unless an amendment would be inequitable or futile"). In particular, the Court cannot conceive of facts that ASIC could allege to support that either its person or property was physically injured as a result of any supposed negligence. As this Court concluded previously, ASIC holds no ownership interest in the truck itself. *See* Op. 6/30/22 at 16. Accordingly, even to the extent ASIC could plead the truck was "damaged" in the sale, it cannot tie that injury to itself. Rather, it is clear from the Amended Complaint that the harm in this case is, and will always be, purely financial. Moreover, ASIC was put on notice of its failure to allege a physical injury when Copart filed its motion for reconsideration. *See generally* ECF No. 13. Despite notice of the deficiency, ASIC failed to include any allegations of physical

injury in its Amended Complaint.  *See Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144-45 (3d Cir. 2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.").  Therefore, an opportunity to amend this claim would be futile, and ASIC's claim of negligence is dismissed with prejudice.

> **B.     ASIC's Promissory Estoppel Claim**

Next, ASIC asserts a claim for promissory estoppel.  In essence, ASIC argues that Copart promised to maintain the truck for ASIC's benefit, and ASIC relied on that promise to its detriment when it brought a lawsuit against Mack that it had to ultimately terminate.

As noted above, a plaintiff asserting a promissory estoppel claim must begin by showing the existence of a promise made by the defendant.  *See C & K Petroleum Prods.*, 839 F.2d at 192.  Here, as it had with its original Complaint, ASIC has again failed to allege any promise made by Copart to ASIC to maintain and store the truck on ASIC's behalf.  To be sure, ASIC alleges that it occasionally communicated with Copart to confirm the truck was on hold.  *See* Am. Compl. ¶¶ 21, 25.  In response, in both instances, a representative from Copart responded that the truck was on hold.  *See id.* ¶¶ 22, 26.  However, the allegations related to these communications do not indicate that Copart *promised* ASIC that it would keep the truck on hold or otherwise act as ASIC wished it to with respect to the truck.  Importantly, none of the allegations indicate that the truck was being held pursuant to ASIC's letter-request.  Rather, Copart simply indicated to ASIC that the truck was still on the lot.  At no time does ASIC allege facts to indicate that Copart made any statement that it would *continue* to hold the truck, only indicating that Copart confirmed the truck was on the lot at the time of the call.

As this Court cautioned ASIC in its prior Opinion, ASIC cannot rely on a "broad and vague implied promise" to sustain a claim for promissory estoppel. *See C & K Petroleum Prods.*, 839 F.2d at 192. Even if this Court were to construe Copart's responses to the phone calls as a "promise," which itself strains credulity, it is at best an incredibly broad and vague implied promise.

Accordingly, ASIC has failed to set forth any promise made by Copart that is sufficient to sustain a claim for promissory estoppel. Therefore, Copart's motion to dismiss Count II is granted. Moreover, this dismissal is one with prejudice. *See Alston*, 363 F.3d at 235 (holding that a district court must permit a curative amendment "unless an amendment would be inequitable or futile"). In this instance, to permit a second amendment of ASIC's promissory estoppel claim would be inequitable. ASIC was placed on notice of the deficiencies in its promissory estoppel claim in both Copart's first motion to dismiss and this Court's Opinion dated June 30, 2022. Notwithstanding, ASIC failed to remedy the deficiencies when it filed its Amended Complaint. *See Krantz*, 305 F.3d at 144-45) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them."). Therefore, ASIC's promissory estoppel claim is dismissed with prejudice.

V.  **CONCLUSION**

Following a review of the Amended Complaint, ASIC has failed to set forth a claim of either negligence or promissory estoppel. Accordingly, Copart's motion to dismiss is granted, and both Count I and Count II are dismissed. Moreover, for the reasons set forth above, the dismissal of both Counts is one with prejudice.

A separate Order follows.

>BY THE COURT:
>
>*/s/ Joseph F. Leeson, Jr.*
>JOSEPH F. LEESON, JR.
>United States District Judge