UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ATLANTIC STATES INSURANCE COMPANY,   :
                Plaintiff,   :
                                                     :
          v.   :   No.   5:22-cv-1177
                                                       :
COPART, INC.,   :
                Defendant.   :
_____

**O P I N I O N**

**Plaintiff's Motion for Reconsideration, ECF No. 22 – Denied**

**Joseph F. Leeson, Jr.**                                                                            **January 4, 2023**
**United States District Judge**

**I.    INTRODUCTION**

This case involves claims brought by Atlantic States Insurance Company (ASIC) against Defendant Copart, Inc., for allegedly disposing of a critical piece of evidence, a truck, which forced ASIC to discontinue its lawsuit against a third party.[1] By Opinion and Order dated August 29, 2022, this Court granted Copart's Motion to Dismiss ASIC's Amended Complaint, concluding that ASIC failed to state a negligence or promissory estoppel claim. *See* ECF Nos. 19-20. On September 26, 2022, ASIC filed a Motion for Reconsideration. *See* Mot., ECF No. 22. For the reasons set forth below, the Motion is denied.

---

[1]    A more in-depth factual and procedural background of the case can be found in this Court's August 29, 2022 Opinion. *See* Aug Op., ECF No. 19.

## II. LEGAL STANDARDS

**Motion for Reconsideration – Standard of Review**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through--rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## III. ANALYSIS

ASIC advances the following arguments in support of its Motion. First, ASIC avers that this Court made a mistake of law when it held that liability for negligent undertaking in Pennsylvania is limited to cases of physical harm and does not extend to mere financial harm. Second, ASIC argues that this Court erroneously viewed the facts in a light favorable to Copart

when determining that ASIC failed to plead sufficient facts to state a claim for promissory estoppel. This Court will address each argument in turn.[2]

### A.   Negligent Undertaking

In its Motion, ASIC argues that this Court incorrectly interpreted Pennsylvania law with respect to its negligence claim. Specifically, ASIC argues that this Court erroneously relied upon *Carlotti v. Employees of GE Federal Credit Union*, 717 A.2d 564 (Pa. Super 1998), when holding that a gratuitous assumption of duty can only arise in Pennsylvania on claims which include physical harm, pursuant to § 323 of the Restatement (Second) of Torts. ASIC's argument is unpersuasive for the following reasons.

First, ASIC's argument is inappropriate on a Motion for Reconsideration. ASIC claims that a "clear error of law or fact" exists and this Court should reconsider its August Opinion to "prevent manifest injustice." However, in its own Motion, ASIC concedes that "at best, the requirement of physical harm under § 323 is an unsettled area of Pennsylvania law[.]" Mot. at 14. Additionally, all of the arguments made in ASIC's Motion were available to ASIC prior to the August Opinion, and yet curiously never presented or addressed by ASIC in any responsive

---

[2]   In addition to the above, ASIC argues that this Court incorrectly held in its June 30, 2022 Opinion that ASIC could not recover against Copart for worker's compensation paid because ASIC failed to subrogate the correct party. However, this argument is misplaced and this Court declines to address it in substance. The Court's holding that ASIC is referring to was from this Court's June Opinion, which considered a motion to dismiss the original complaint. *See* June Op., ECF No. 11. Following the June Opinion, Plaintiff did not file a motion for reconsideration, but instead, filed an amended complaint. The instant Motion pertains to this Court's August Opinion, which only discussed Defendant's motion to dismiss the Amended Complaint. Nowhere in this Court's August Opinion did the Court discuss the subrogation argument now proffered by Plaintiff, and ASIC may not use the instant Motion to challenge the June Opinion, whose deadline to file a motion for reconsideration had long passed at the time of the instant motion. *See* E.D. Pa. Civ. P. R. 7.1(g) ("Motions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the order concerned, other than those governed by Federal Rule of Civil Procedure 59(e)."). *See also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.").

briefing to this Court.  As previously explained, a Motion for Reconsideration is not a second bite at the apple, and ASIC cannot use this tool as an avenue to present arguments that could have been asserted earlier. *See Federico v. Charterers Mut. Assur. Ass'n*, 158 F. Supp. 2d 565, 578 (E.D. Pa. 2001) (explaining that a motion for reconsideration is not an opportunity to present new legal theories or previously available evidence or arguments).  Nonetheless, this Court will consider ASIC's arguments in an abundance of caution.

Second, the plain language of § 323 of the Restatement supports this Court's earlier decision.  The Pennsylvania Supreme Court has "adopted as an accurate statement of Pennsylvania law the Restatement (Second) of Torts § 323[.]" *Feleccia v. Lackawanna Coll.*, 214 A.3d 3, 14 (2019) (citing *Gradel v. Inouye*, 421 A.2d 674, 677-78 (Pa. 1980) ("Section 323(a) of the Restatement of Torts has been part of the law of Pennsylvania for many years.")). Section 323 of the Restatement (Second) of Torts, titled "Negligent Performance of Undertaking to Render Services[,]"  reads as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for *physical harm* resulting from his failure to exercise reasonable care to perform his undertaking, if
>
>> (a) his failure to exercise such care increases the risk of such harm, or
>>
>> (b) the harm is suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts, § 323 (Am. L. Inst. 1965) (emphasis added).  "Physical harm" is defined by the Restatement as the physical impairment of the human body, or of land or chattels. *Id*. § 7(3). Comment (b) further explains that

> [f]requently, where 'harm' is used in this Restatement, it is qualified by some limiting adjective, such as bodily harm, physical harm,

>pecuniary harm, and the like. In each such case the intent is to limit
>the rule stated to the particular kind of harm specified.

*Id*. § 7 cmt. b.

Third, it was not improper for this Court to consider the decision of the Pennsylvania Superior Court in *Carlotti v. Employees of GE Fed. Credit Union No. 1161,* 717 A.2d 564 (Pa. Super. 1998).  In the absence of a Third Circuit decision or a "clear pronouncement" from the Pennsylvania Supreme Court, "a federal court may consider the decisions of the state's intermediate appellate courts." *See Burke v. Maassen*, 904 F.2d 178, 182 (3d Cir. 1990) (citing *Erie Castings Co. v. Grinding Supply, Inc.*, 736 F.2d 99, 100 (3d Cir. 1984)).  *See also Mansmann v. Tuman*, 970 F. Supp. 389, 402 (E.D. Pa. 1997) ("The Third Circuit's interpretation of Pennsylvania law is binding on the district court[.]"); *Cohen v. Am. Int'l Ins. Co*., 1996 U.S. Dist. LEXIS 2669, at * 13-14 (E.D. Pa. March 7, 1996) (explaining that a Third Circuit opinion interpreting Pennsylvania law is binding on the district court in the absence of a contradictory decision from the Third Circuit or Pennsylvania Supreme Court, and that the Third Circuit gives "substantial weight" to decisions by the intermediate state courts, but need not follow them).

The *Carlotti* court explicitly rejected the interpretation of Pennsylvania law that ASIC argues is binding here.  Interpreting § 323, the *Carlotti* court held that "[w]e have been unable to find any binding decision that would impose a duty under § 323 where the harm alleged is merely financial[,] and "[i]ndeed, the existing cases would suggest that economic harm is not a basis for recovery." *Carlotti*, 717 A.2d at 567 (citing *Stupka v. Peoples Cab Co*., 264 A.2d 373 (Pa. 1970)). In a footnote, the *Carlotti* court further addressed and rejected all of the cases now proffered by ASIC as "binding" on this Court, including *Quinones v. United States*, 492 F.2d 1269 (3d Cir. 1974)*, Pirocchi v. Liberty Mutual Insurance Co*., 365 F. Supp. 277 (E.D. Pa. 1973), and *Pascarella v. Kelley*, 105 A.2d 70 (Pa. 1954). *See Carlotti*, 717 A.2d at 567 n.1.

Specifically, the *Carlotti* court held that the Pennsylvania Superior Court was not bound by *Quinones* and *Pirocchi*, which were federal cases that "acknowledged that there was no Pennsylvania precedent to follow in this area" at that time. *Id.* Additionally, the *Carlotti* court acknowledged Judge Hoffman's dissent in *Caldwell v. City of Philadelphia*, 517 A.2d 1296 (Pa. Super. 1986), which is also relied on by ASIC in its Motion. The *Carlotti* court held that the dissent's reasoning, which argued in favor of "a right of recovery under § 323 where the injury is purely economic," was flawed for its reliance on *Pascarella v. Kelley*, 105 A.2d 70 (Pa. 1954), because *Pascarella* dealt with physical harm to a building, which is expressly covered by the language of § 323.³ *See id.*

Further, although not a published decision, this Court is persuaded by the Third Circuit's positive acknowledgment of *Carlotti* in *Sonecha v. New England Life Insurance Co.*, 124 Fed. Appx. 143, 147 (3rd Cir. 2005). In *Sonecha*, when determining the applicability of § 323, the Third Circuit distinguished between tangible and intangible property and concluded that no duty arose under § 323 in that case because "neither the [insurance] policy nor its expected proceeds were tangible property[.]" *Id.* (citing *Pascarella*, 105 A.2d at 73; *Carlotti v. Emps. of GE Fed. Credit Union No. 1161*, 717 A.2d 564, 567 (Pa. Super. Ct. 1998); *Caldwell v. City of*

---

³ In its argument that Pennsylvania allows purely economic injury for negligent undertaking, ASIC also cites to the first footnote of *Atlantic Mutual Insurance Co. v. Center Capital Corp.*, which states that "[l]iability for negligent undertaking is not limited in Pennsylvania to cases of physical injury, recovery is permissible for economic harm." 1992 U.S. Dist. LEXIS 2027, *8 (E.D. Pa. 1992). However, to support this statement, the District Court cited to *Pascarella v. Kelley*, which, as previously stated, did not deal with purely pecuniary harm. *See Pascarella*, 105 A.2d at 73 (holding that the defendant, who had gratuitously promised to repair damages to a building, was under a duty to avoid further damaging the building and therefore could be held liable for an alleged negligent repair). Again, despite ASIC's suggestion, this Court is not bound by this misapplication of Pennsylvania law.

*Philadelphia*, 517 A.2d 1296, 1301 (Pa. Super. Ct. 1986); *Sharon Steel Corp. v. DeLaval Turbine, Inc.*, 4 Pa. D. & C.3d 325, 330-31 (Pa. Ct. Com. Pl. 1977)).

Consequently, Pennsylvania law and the plain language of § 323 limit the recovery in negligent undertaking cases to ones exhibiting physical harm, which ASIC failed to allege in its amended complaint. ASIC does not point to any binding, contradictory Pennsylvania or Third Circuit cases interpretating § 323, and this Court is not aware of any.[4] Therefore, ASIC has not met its burden to show that this Court's application of the law was clear error.

### B.    Promissory Estoppel

In its Motion, ASIC argues that this Court erroneously viewed the facts in a light favorable to Copart when determining that ASIC failed to plead sufficient facts to state a claim for promissory estoppel, and that this misapplication of the 12(b)(6) standard of review was a clear error of law. This Court is unpersuaded for the following reasons.

While it is true that when "reviewing a motion to dismiss, courts must accept the allegations in the complaint as true[,]" courts are not, however, "compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Mudie v. Phila. Coll. of Osteopathic Med.*, 577 F. Supp. 3d 375, 380 (E.D. Pa. 2021) (internal marks omitted) (citing *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017)). Here, ASIC argues that any reference to the truck being "on hold" in the Complaint specifically refers to a "litigation hold," which ASIC alleges is a "term of art used in the fields of claims and litigation[,]" and "involves a hold that is both indefinite and for the purpose of future or pending

---

[4]    Further, although not explicitly addressed in Pennsylvania or decisions from this district, this Court's application of § 323 is supported in many jurisdictions. *See e.g. Long v. Niles Co.*, 2010 Mass. App. Div. LEXIS 16, *8-11 (Mass. App. 2010) (collecting cases from various jurisdictions which support that § 323 does not provide recovery for purely financial harm).

litigation." Mot. at 16. ASIC avers that this Court was required to accept its interpretation of "hold" as true, and by ignoring the significance of this particular definition, deviated from the appropriate standard of review when dismissing the amended complaint.

This Court respectfully disagrees. ASIC's self-serving interpretation of the word "hold" does not conform with how the word is used throughout the Amended Complaint. Each instance of the word "hold," as used in the Amended Complaint, is set forth below:

> 8. Defendant Copart was at all times material hereto engaged in the business of recovering, handling, storing, keeping, *holding* and conveying damaged vehicles for insurance companies.
>
> . . .
>
> 19. On March 16, 2018, less than one month after the accident, counsel for ASIC sent a letter to Copart advising them of the need to place the vehicle *on litigation hold.*
>
> . . .
>
> 21. On June 20, 2018, counsel for Copart called Copart to confirm the Truck was *on litigation hold.*
>
> 22. Copart, through its employee named "Kim", confirmed the Truck was *on hold* under lot #29300778.
>
> . . .
>
> 24. ASIC and its insured, Stone Action, relied upon the representations made by Copart that the Truck was secure and *on hold.*
>
> 25. On September 10, 2019, counsel for ASIC once again called Copart to confirm the Truck was *on hold* and secure.
>
> . . .
>
> 28. ASIC and its insured, Stone Action, relied upon the representation made by Copart that the truck was secure and *on hold*.

Amend. Compl. ¶¶ 8, 19, 21, 22, 24, 25, 28.

In the above communications with Copart employees, when confirming with ASIC that the truck was "on hold," the Copart employees did not specify a "litigation hold," as ASIC now alleges. In essence, ASIC is asking this Court to interpret the Copart employees' representations that the truck was "on hold," made in response to ASIC inquiries, as promises that the truck would be indefinitely held and preserved for future litigation. Not only is this argument identical to the argument already presented before this Court, and therefore not appropriate for a motion for reconsideration, but it is also an inference that this Court was by no means required to make under the appropriate standard of review.  Applying the 12(b)(6) standard, as this Court did in its prior opinion, ASIC's proposed definition of "hold" appears to be a term of art, or rather a legal conclusion, "couched as a factual allegation" which this Court was not required to accept as true. *See Mudie*, 577 F. Supp. 3d at 380.  Further, to construe the two statements from Copart employees that the truck was presently "on hold" at the time Copart received the inquiries from ASIC as promises that the truck would indefinitely remain on "litigation hold" would be an unwarranted factual inference from this Court.

In sum, this Court properly found that ASIC failed to state a promissory estoppel claim, because ASIC simply does not allege an express promise from Copart. Repeating itself for the third time, this Court reminds ASIC that a complainant cannot rely on a "broad and vague implied promise" to sustain a claim for promissory estoppel. *See C & K Petroleum Prods.*, 839 F.2d 188, 192 (3d Cir. 1988) (holding that "[p]romissory estoppel would be rendered meaningless" if the court allowed an action based on "a broad and vague implied promise[,]" and dismissing the detrimental reliance claim for lack of an "express promise" that could be justifiably relied on).  Even if this Court were to liberally construe Copart's response to ASIC's phone calls as a "promise," which strains credulity, it was at best an incredibly broad and vague

implied promise which could not have been justifiably relied on. Therefore, because Plaintiffs simply ask this Court to "rethink what [it] had already thought through," there is no valid reason for the Court to reconsider its holding that ASIC failed to state a promissory estoppel claim. *See Glendon Energy Co.*, 836 F. Supp. at 1122.

IV. **CONCLUSION**

The Motion for Reconsideration is merely ASIC's attempt at a second bite of the apple. ASIC has not pointed to an intervening change in the law nor shown a need to correct a clear error or to prevent manifest injustice. Because motions for reconsideration should be sparingly granted, the Motion is denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
